UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GREGORY ROUNDS | CIVIL ACTION |
| VERSUS | NO. 07-4061 |
| COX OPERATING, LLC, et al. | SECTION "N" (4) |

**ORDER AND REASONS**

Before the Court is the **Motion for Summary Judgment (Rec. Doc. 57)** of Defendants ES&H, Inc. and Team Labor Force, LLC. The Court has carefully considered the parties' submissions relative to this motion. On the showing made, the Court is not in a position to find that no genuine issue of material facts exists and that Defendants are entitled to judgment as a matter of law with respect to Rounds' Jones Act seaman status and their negligent training and supervision.

In other words, the Court finds that a reasonable juror could conclude that Rounds had a substantial connection to an identifiable group of vessels. *Chandris, Inc. v. Latsis*, 515 U.S. 347, 367 (U.S. 1995). Rounds has presented competent summary judgment evidence showing that more than 30 percent of his time was spent on vessels owned by one or more of the Defendants, doing the ships' work. *See* Opp. at Ex. D (pp. 48-51, 106). A jury could also reasonably infer from the affidavit of Jeff Naul–provided by Defendants–that Rounds spent a substantial portion of his time aboard a fleet of vessels. *See* Mot. at Ex. 2.

The Defendants are correct, and Rounds seems to concede, that were a jury to conclude that he is not a Jones Act seaman, Rounds' sole remedy is a claim under the Longshoremen and Harbor Workers Compensation Act. However, because the Court has concluded that a genuine material fact issue exists as to Rounds' Jones Act status, the Court will not consider arguments relating to Rounds' claim for LHWCA benefits.

Finally, the Court finds that a genuine fact issue exists as to Defendants' negligent training and supervision. A reasonable inference from the deposition testimony of Jeremy Jeffery is that the Defendants failed to train Rounds as to proper procedure in cleaning on-board oil spills. *See* Opp. at Ex. C (pp. 70-71); *see also* Mot. at Ex. 5 (noting that Rounds had not been shown three-point stance except immediately prior to accident) (Duthu deposition).

Accordingly, for the reasons stated herein, **IT IS ORDERED** that Defendants' motion for summary judgment is **DENIED**. All of these rulings, however, are without prejudice as to the Court's consideration of a properly supported motion made pursuant to Rule 50 of the Federal Rules of Civil Procedure following the submission of evidence at trial**.**

New Orleans, Louisiana, this 13th day of January 2009.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**